1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
DEREK C. WALTER (Bar No. 246322)
derek.walter@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Plaintiff
NAUTILUS BIOTECHNOLGY, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAUTILUS BIOTECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOMALOGIC, INC. and CALIFORNIA INSTITUTE OF TECHNOLOGY, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,842,793** <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Nautilus Biotechnology Inc. ("Nautilus" or "Plaintiff"), for its complaint against Defendants SomaLogic, Inc. ("SomaLogic") and California Institute of Technology ("Caltech") (collectively "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement of U.S. Patent Number 7,842,793 ("the '793 patent" or "the Asserted Patent") (attached hereto as Exhibit 1) by the manufacture, use, sale, offer for sale, and/or importation of "Nautilus's Proteome Analysis Platform."

2. As a result of SomaLogic's communication to Nautilus of its intention to pursue claims of infringement of the Asserted Patent against Nautilus, Nautilus is under reasonable apprehension of suit by SomaLogic.

**PARTIES**

3. Plaintiff Nautilus is a corporation organized and existing under the laws of Delaware with its research headquarters at 835 Industrial Road, Suite 200 San Carlos, California 94070 and 4475 Executive Drive, Suite 150, San Diego, CA 92121 and corporate headquarters in Seattle, Washington. Nautilus is creating a platform technology for quantifying and unlocking the complexity of the proteome *i.e.,* all the proteins in a biological sample.

4. Nautilus's mission is to provide new breakthroughs in healthcare through innovations in proteomics, a growing field directed to the study of the structure and function of proteins. Nautilus has made a range of innovations in computer science, engineering, and biochemistry to design and develop a new proteomic analysis technology that is scalable and reliable, and that can identify roughly 95% of proteins in a sample from virtually any organism and detect patterns of modifications made to the proteins. Nautilus's proteome analysis technology overcomes limitations in the current proteomics platforms by enabling deep characterization of the proteome with high throughput, sensitivity and ease.

5. On information and belief, Defendant SomaLogic is a corporation organized and existing under the laws of Delaware with its principal place of business in Boulder, Colorado. On

**COMPLAINT FOR DECLARATORY JUDGMENT** 1

further information and belief, SomaLogic acquired the San Diego based Palamedrix Inc. post July 2022 and, as a result, has offices and lab space in La Jolla, San Diego[1].  SomaLogic and Palamedrix Inc. are collectively referred to as "SomaLogic."

6. On information and belief, Defendant Caltech is a non-profit private university organized under the laws of the State of California, with its principal place of business in Pasadena, California.

7. On information and belief, the Asserted Patent is owned by Caltech and licensed to SomaLogic.

## JURISDICTION AND VENUE

8. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9. This Court has specific personal jurisdiction over Defendant SomaLogic. SomaLogic has purposefully availed itself of the privilege of conducting business within the State of California, including in this District in relation to the Asserted Patent and the subject matter of that patent, including the following activities.  SomaLogic conducts related business in its offices in San Diego, California.  Further, according to SomaLogic's website[2], it has recently announced a merger with the San Francisco based Standard Biotools to expand its facilities in California relating to the subject matter of that patent.  SomaLogic advertises on its website[3] to be "strategic partners" with companies that are located in this District.  For example, Agilent Technologies, one of SomaLogic's strategic partners is headquartered in Santa Clara, California, which is within this District.  SomaLogic likewise claims to procure licenses from the State of California to conduct testing on specimens from California[4].  On information and belief, SomaLogic also

---

[1]  Exhibit 5, https://investors.somalogic.com/news-releases/news-release-details/somalogic-acquires-dna-nanotechnology-leader-palamedrix-develop (last accessed December 13, 2023)

[2]  Exhibit 12, https://investors.somalogic.com/news-releases/news-release-details/standard-biotools-and-somalogic-combine-all-stock-merger (last accessed December 12, 2023)

[3] Exhibit 6, https://somalogic.com/partner-with-us/ (last accessed December 12, 2023)

[4] *Id.*

maintains a relationship with Stanford University in this District through product collaborations[5] and past representation in its Board of Directors of a Stanford professor[6].

10.     SomaLogic's assertion of the Asserted Patent is part and parcel of its alleged collaboration with Caltech that is centered in California.  SomaLogic alleges it is an exclusive licensee of that patent in an agreement that, on information and belief, is governed by California law, was negotiated in California and requires substantial performance in California.  SomaLogic has met with Caltech in California as part of its alleged collaboration relating to the Asserted Patent and SomaLogic consulted with Caltech in California in connection with its patent enforcement efforts.  Additionally, on information and belief, following SomaLogic's acquisition of Palamedrix Inc., it has assumed the patent licenses previously granted by Caltech to Palamedrix[7] in California.  SomaLogic has also assumed the Non-Disclosure Agreement between Nautilus and Palamedrix dated March 2022, that is governed by California law and designates venue of the courts in California for any disputes.

11.     SomaLogic has sought to partner with Nautilus, which has its research headquarters in California including in this District, relating to the Asserted Patent.  This includes its effort to undertake an arms-length negotiation in anticipation of a long-term continuing business relationship in California.  *See* Exhibits 2 and 4.  In its correspondence, SomaLogic alleges that its patented inventions have made important contributions "to the development and commercialization of Nautilus's Proteome Analysis Platform," knowing Nautilus' relevant activities have been and are taking place in California.  In correspondence directed to California-based Nautilus, SomaLogic has threatened an infringement action and sought partnering.  It has done so by seeking a response from Nautilus to its California-based Senior Vice President Ken Kaskoun, who is licensed to practice in California[8] as well as its agent Sandra Haberny, Esq. of

---

[5]   Exhibit 8, https://investors.somalogic.com/news-releases/news-release-details/somalogic-announces-new-somascanr-11k-platform (last accessed December 13, 2023)

[6]   Exhibit 9, https://investors.somalogic.com/news-releases/news-release-details/somalogic-leading-ai-data-driven-proteomics-platform-advanced (last accessed December 13, 2023)

[7] Exhibit 10, Excerpt from SomaLogic's Form 10-K filed before the United States Securities And Exchange Commission (SEC) for the annual year 2022.

[8] Exhibit 7, https://apps.calbar.ca.gov/attorney/Licensee/Detail/292554 (last accessed December

**COMPLAINT FOR DECLARATORY JUDGMENT**

Quinn Emanuel, who is also based in California.[9] Additionally, the Asserted Patent, for which SomaLogic claims to hold an exclusive license, is based on research reputedly conducted at Caltech in California. The Asserted Patent was also prosecuted by patent agents having their office in the State of California[10]. All these activities and more establish that SomaLogic's contacts with California that relate to Nautilus's claims in the present action are substantial and constitute more than minimum contacts. SomaLogic should reasonably anticipate being brought to court here and there is personal jurisdiction over it.

12. SomaLogic is also subject to general jurisdiction because its Palamedrix business is based in San Diego, California and is thus at home in California.

13. This Court has general personal jurisdiction over Defendant Caltech because it is a California Corporation and has its principal place of business in California. Its contacts with the State of California are substantial, continuous and systematic as to render it at home.

14. Venue is proper in this District, including without limitation based on 28 U.S.C. § 1391, because a substantial part of the events giving rise to Nautilus's claims occur in this District. For example, this dispute concerns Nautilus's proteomics technology created and developed in San Carlos, California, which is in this District.

**DIVISIONAL ASSIGNMENT**

15. Pursuant to Civil Local Rules 3-5(b) and 3-2(c), because this action is an intellectual property action, it is properly assigned to any of the divisions in this District.

**EXISTENCE OF AN ACTUAL CONTROVERSY**

16. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202. The facts below show that there is a substantial controversy between Plaintiff

---

13, 2023)

[9] Exhibit 4

[10] Exhibit 11, Joseph Baker, Michael Lindsey, Charles Gavrilovich, Travis Dodd and Craig Hodulik from Gavrilovich, Dodd & Linsey LLP, San Diego, California https://patentcenter.uspto.gov/applications/11452699/attorney?application (last accessed December 13, 2023)

**COMPLAINT FOR DECLARATORY JUDGMENT**

4

1    Nautilus and Defendants SomaLogic and Caltech having adverse interests, of sufficient

2    immediacy and reality to warrant the issuance of a declaratory judgment.

3        17.    On July 5, 2023, Ruben Gutierrez, Executive Vice President & General Counsel at

4    Defendant SomaLogic, sent a letter to Sujal Patel, Chief Executive Officer at Nautilus regarding

5    the Asserted Patent.  *See* Exhibit 2.  The letter alleged that Caltech has licensed to SomaLogic its

6    "intellectual property protecting DNA Origami technologies" including U.S. Patent No.

7    7,842,793.  SomaLogic's letter further alleged that "the manufacture, importation, offer for sale,

8    sale, and/or use of [Nautilus's] single-molecule protein analysis platform may infringe….U.S.

9    Patent No. 7,842,793."

10       18.    On August 1, 2023, Nautilus sent a responsive letter explaining that that it had no

11   need for a license.  *See* Exhibit 3.  Nautilus, for instance, explained that "what is very narrowly

12   claimed in the '793 Patent" would not be enabling of Nautilus's proteomics technology platform.

13   Nautilus further clarified that it is not utilizing and did not foresees a need to utilize "any

14   approach that is relevant to what the '793 Patent purports to claim," either in its "ongoing

15   research and development efforts" or in its "future product platform."

16       19.    On December 8, 2023, SomaLogic, sent another letter, this time through patent

17   litigation attorney Sandra L. Haberny of Quinn Emanuel.  In that letter, SomaLogic directly

18   alleged that Nautilus "has infringed and continues to infringe" SomaLogic's intellectual property

19   including the Asserted Patent.  *See* Exhibit 4.  SomaLogic's letter demands "that Nautilus

20   immediately cease and desist all infringing activities related to SomaLogic's intellectual property,

21   including…the production, distribution, and use of the Nautilus Proteome Analysis Platform."

22   The letter further demands that Nautilus provide additional documentation, including (1)

23   confirmation of cessation of the alleged infringing activities, (2) the bases for Nautilus's

24   contentions in its August 1 letter, and (3) technology materials provided to investors and an

25   accounting of profits from Nautilus's accused technology.  SomaLogic's letter concludes by

26   threatening to "take this matter seriously and act promptly to rectify the infringement." *Id.*

27

28

**COMPLAINT FOR DECLARATORY JUDGMENT**

5

20.     SomaLogic's allegations of infringement by Nautilus's proteomics platform and engagement of patent litigation counsel to demand cessation of Nautilus's activities along with its threats to "take the matter seriously" and "rectify infringement" demonstrate affirmative acts by the Defendants to enforce their rights in the Asserted Patent.  On information and belief, Caltech was notified and/or agreed to SomaLogic's patent enforcement efforts.

21.     SomaLogic's assertion of infringement by Nautilus's Proteome Analysis Platform allege current infringement even beyond meaningful preparation to conduct infringing activity. Accordingly, there is an immediate and existing case or controversy, and declaratory judgment jurisdiction exists over the subject matter set forth in this complaint.

## THE ASSERTED PATENT

22.     U.S. Patent No. 7,842,793 is titled "Methods of Making Nucleic Acid Nanostructures."  Its named inventor is Paul W. K. Rothemund.  On information and belief, Caltech claims to be the current owner by assignment of all right, title, and interest in the Asserted Patent.

## FIRST CLAIM

### Declaratory Judgment of Non-Infringement of the '793 Patent

23.     The allegations of paragraphs 1 through 22 are incorporated herein by reference.

24.     The manufacture, use, sale, offer for sale, and/or importation of the Nautilus's Proteome Analysis Platform does not infringe, directly or indirectly, any valid claim of the Asserted Patent.

25.     For instance, and by way of example only, the claims of the Asserted Patent all require the use of a specific structure wherein there are "parallel helices held together by a periodic pattern of crossovers spaced so that the distance between crossovers formed by two consecutive oligonucleotide helper/staple strands is an odd number of half turns apart." Nautilus's Proteome Analysis Platform does not infringe the Asserted Patent at least because it does not utilize a structure wherein "the distance between crossovers formed by two consecutive oligonucleotide helper/staple strands is an odd number of half turns apart."

**COMPLAINT FOR DECLARATORY JUDGMENT**

26.     An actual and justiciable controversy exists between Plaintiff Nautilus and Defendants SomaLogic and Caltech as to whether the Asserted Patent is infringed.  A judicial declaration is necessary and appropriate so that Nautilus may ascertain its rights regarding the Asserted Patent.

## PRAYER FOR RELIEF

WHEREFORE, Nautilus respectfully requests that judgment be entered in its favor and prays that the Court grant the following relief:

1.     A judgment declaring that Nautilus has not infringed and is not infringing, either directly or indirectly, any claims of the Asserted Patent and declaring that the manufacture, use, sale, offer for sale, and/or importation of Nautilus's Proteome Analysis Platform does not infringe, directly or indirectly, any claims of the Asserted Patent.

2.     A judgment that Defendants SomaLogic and Caltech and each of their officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Nautilus or the manufacture, importation, use or sale of the Nautilus's Proteome Analysis Platform infringe the Asserted Patent, or from instituting or initiating any action or proceeding alleging infringement of the Asserted Patent against Nautilus or customers, manufacturers, users, importers, or sellers of Nautilus's Proteome Analysis Platform;

3.     A judgment declaring that Nautilus is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and awarding Nautilus its reasonable attorneys' fees, expenses, and costs in connection with this case; and

4.     A judgment awarding Nautilus such other relief as the Court may deem just and proper.

Dated: December 14, 2023                    WEIL, GOTSHAL & MANGES LLP

                                            By: */s/ Derek C. Walter*
                                                 Derek C. Walter

                                            Attorney for Plaintiff
                                            Nautilus Biotechnology, Inc.

**COMPLAINT FOR DECLARATORY JUDGMENT**