1  EDWARD R. REINES (Bar No. 135960)
   edward.reines@weil.com
2  DEREK C. WALTER (Bar No. 246322)
   derek.walter@weil.com
3  WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
4  Redwood Shores, CA  94065
5  Telephone: (650) 802-3000
   Facsimile: (650) 802-3100
6

7  Attorneys for Plaintiff
8  NAUTILUS BIOTECHNOLGY, INC.

9  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**
10  **SAN JOSE DIVISION**

| | |
|---|---|
| NAUTILUS BIOTECHNOLOGY, INC., | Case No.: 23-cv-06440-BLF |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,842,793** |
| v. | |
| SOMALOGIC, INC., PANTHER MERGER SUBSIDIARY II, LLC, and CALIFORNIA INSTITUTE OF TECHNOLOGY, | DEMAND FOR JURY TRIAL |
| Defendants. | Judge: Hon. Beth L. Freeman |

**REDACTED VERSION  OF DOCUMENT SOUGHT TO BE SEALED**

Plaintiff Nautilus Biotechnology Inc. ("Nautilus" or "Plaintiff"), for its complaint against Defendants SomaLogic, Inc. ("SomaLogic"), Panther Merger Subsidiary II, LLC ("Panther Merger Subsidiary II"), and California Institute of Technology ("Caltech") (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement of U.S. Patent Number 7,842,793 ("the '793 patent" or "the Asserted Patent") (attached hereto as Exhibit 1) by the manufacture, use, sale, offer for sale, and/or importation of "Nautilus's Proteome Analysis Platform."

2. As a result of SomaLogic's communication to Nautilus that Nautilus infringes the Asserted Patent, there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## PARTIES

### Nautilus

3. Plaintiff Nautilus is a corporation organized and existing under the laws of Delaware with its research headquarters at 835 Industrial Road, Suite 200 San Carlos, California 94070 and 4475 Executive Drive, Suite 150, San Diego, CA 92121 and corporate headquarters in Seattle, Washington. Nautilus is creating a platform technology for quantifying and unlocking the complexity of the proteome *i.e.,* all the proteins in a biological sample.

4. Nautilus's mission is to provide new breakthroughs in healthcare through innovations in proteomics, a growing field directed to the study of the structure and function of proteins. Nautilus has made a range of innovations in computer science, engineering, and biochemistry to design and develop a new proteomic analysis technology that is scalable and reliable, and that can identify roughly 95% of proteins in a sample from virtually any organism and detect patterns of modifications made to the proteins. Nautilus's proteome analysis technology overcomes limitations in the current proteomics platforms by enabling deep characterization of the proteome with high throughput, sensitivity and ease.

**Caltech**

5.     On information and belief, Defendant Caltech is a non-profit private university organized under the laws of the State of California, with its principal place of business in Pasadena, California.

6.     Caltech owns the Asserted Patent and has exclusively licensed it to both SomaLogic and its alter ego, Panther Merger Subsidiary II, pursuant to a February 12, 2021 license agreement (the "License Agreement"). *See infra* ¶¶ 10-13.

7.     ███████████████████████████████████████
█████████████████████████████.

**SomaLogic and Panther Merger Subsidiary II[1]**

8.     On information and belief, Defendant SomaLogic is a corporation organized and existing under the laws of Delaware with its principal place of business at 2945 Wilderness Place in Boulder, Colorado. On further information and belief, SomaLogic acquired the San Diego based Palamedrix Inc. post July 2022 and, as a result, has offices and lab space in La Jolla, San Diego. *See* Exhibit 5, https://investors.somalogic.com/news-releases/news-release-details/somalogic-acquires-dna-nanotechnology-leader-palamedrix-develop (last accessed December 13, 2023). SomaLogic and Palamedrix Inc. are collectively referred to as "SomaLogic."

9.     Defendant Panther Merger Subsidiary II is a company organized and existing under the laws of Delaware. Panther Merger Subsidiary II was the surviving company through the merger and acquisition of Palamedrix Inc. Exhibit 13, https://www.sec.gov/Archives/edgar/data/1837412/000121390022041858/ea163386-8k_somalogic.htm (last accessed April 8, 2024); *see also* Dkt. No. 25-3 at 1. Panther Merger

---

[1] SomaLogic's allegations about the relationships and rights of the defendants are on information and belief and are based on their own allegations and document submissions and SomaLogic reserves the right to contest them as this case moves forward as appropriate.

1  Subsidiary II was formed exclusively to facilitate the merger and acquisition of Palamedrix, Inc.
2  and has no other function except to act as a holding company for SomaLogic following the
3  completion of the merger.

4      10.     Both SomaLogic and Panther Merger Subsidiary II are exclusive licensees of the
5  Asserted Patent.  This exclusive license of the Asserted Patent to both SomaLogic and Panther
6  Merger Subsidiary II arises by operation of the License Agreement between Caltech and
7  Palamedrix, Inc. and a subsequent amendment thereto (the "First Amendment").  *See* Dkt. Nos.
8  25-2, 25-3.

9      11.     Specifically, the License Agreement "█████████████████████████
10 ████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████
16 ██████████████████████████████████████████████████████.

17     12.     The First Amendment to the License Agreement between Palamedrix, Inc. and the
18 California Institute of Technology ████████████████████████████████████
19 ████████████████████████████████  As part of this acquisition, Palamedrix
20 Inc. merged into Panther Merger Subsidiary II, which survived the merger as a wholly-owned
21 subsidiary of Somalogic.  *Id.* ████████████████████████████████████
22 ██████████████████████████████ *Id.*

23     13.     Importantly, ████████████████████████████████████████
24 ████████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████████
26 ██████████████████████████████.  Thus, ███████████████████████████ both
27 SomaLogic and Panther Merger Subsidiary II are exclusive licensees of the Asserted Patent.
28

14. On information and belief, Panther Merger Subsidiary II is the alter ego of SomaLogic. SomaLogic and Panther Merger Subsidiary II share a unity of interest. The following facts and other facts contained in this complaint demonstrate as much. On information and belief:

   a. Panther Merger Subsidiary II is a wholly owned subsidiary of SomaLogic. Dkt. No. 25 at 1.

   b. Panther Merger Subsidiary II was created exclusively to serve as a conduit for the acquisition of Palamedrix, Inc. by SomaLogic. Exhibit 13. Specifically, Panther Merger Subsidiary I, LLC, "Merger Sub I," was created to be merged with Palamedrix, Inc., which would immediately "merge with and into Merger Sub II". *Id.* "Merger Sub II" is Panther Merger Subsidiary II. *Id.*

   c. Having been formed solely to facilitate the acquisition of Palamedrix, Inc. by SomaLogic, Panther Merger Subsidiary II has no function except to act as a holding company for SomaLogic following the completion of the merger.

   d. Panther Merger Subsidiary II has no ongoing operations or business activities separate and apart from those of SomaLogic and insubstantial capital.

   e. On information and belief, Panther Merger Subsidiary II and SomaLogic do not have separate corporate officers and do not abide by corporate formalities. For instance, in the Merger Agreement between SomaLogic and Palamedrix, Ruben Gutierrez signed as President of Panther Merger Subsidiary II. Exhibit 14 at 93, https://www.sec.gov/Archives/edgar/data/1837412/000121390022041858/ea163386ex2-1_somalogic.htm (last visited Apr. 9, 2024). Mr. Gutierrez is also the Executive Vice President & General Counsel at SomaLogic, as confirmed by SomaLogic's July 5, 2023 letter to Nautilus. *See* Exhibit 2 at 1.

   f. Panther Merger Subsidiary II also does not have a separate physical office. The patent assignment document for Asserted Patent, assigning from Palamedrix, Inc. to Panther Merger Subsidiary II, lists 2945 Wilderness Place, Boulder, Colorado as

Panther Merger Subsidiary II's address. Exhibit 15 at 1. This is the same address as SomaLogic's principle place of business.

    g. Though now claiming that Panther Merger Subsidiary II is the exclusive licensee of the Asserted Patent, *see* Dkt. No. 25 at 1, SomaLogic has previously held itself out as "the exclusive licensee" in its communications with Nautilus. *See* Exhibit 4 at 1. Specifically, a December 8, 2023 letter from Sandra Haberny, SomaLogic's outside attorney at Quinn Emanuel, states that her "firm represents SomaLogic, Inc. ('SomaLogic'), the **exclusive licensee** of utility patents associated with its proprietary 'DNA Origami' technology." *Id.* The letter goes on to state that "**SomaLogic** has taken extensive steps to protect **its** intellectual property rights. These include, as relevant here, U.S. Patent No. 7,842,793." *Id.* SomaLogic's simultaneous characterization of both itself and Panther Merger Subsidiary II as exclusive licensees is because Panther Merger Subsidiary II and SomaLogic are not different companies but merely alter egos of one another.

    h. In fact, as documented above, both Panther Merger Subsidiary II and SomaLogic hold the same exclusive license to the Asserted Patent. *See supra* ¶¶ 10-13. Panther Merger Subsidiary II and SomaLogic were, in fact, one-and-the-same.

15. Further, on information and belief, Panther Merger Subsidiary II is the agent of SomaLogic. On information and belief, Panther Merger Subsidiary II functions as SomaLogic's representative by performing services that are sufficiently important to SomaLogic that in the absence of Panther Merger Subsidiary II would necessarily be undertaken by SomaLogic. In addition to the facts provided above, the following facts demonstrate as much. On information and belief:

    a. Panther Merger Subsidiary II is holding the intellectual property rights to technologies that SomaLogic markets or develops or is interested in marketing and developing, including the Asserted Patent.

    b. Panther Merger Subsidiary II is also facilitating enforcement of intellectual property rights, including the Asserted Patent, or defending any actions in

collaboration with Caltech that are asserted against SomaLogic. ■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■

c. SomaLogic has a controlling interest in Panther Merger Subsidiary II at all times relevant in this Complaint and the subject matter of this dispute. This is evident from SomaLogic's strategic business decision to acquire Palamedrix, Inc. (later merged into Panther Merger Subsidiary II) to utilize Palamedrix's technology that relates to the Asserted Patent to develop SomaLogic's platform. This is further evident from SomaLogic's actions in sending threat letters to Nautilus in relation to "SomaLogic's intellectual property" including the Asserted Patent. Exhibit 16 at 1, https://www.genomeweb.com/proteomics-protein-research/somalogic-says-palamedrix-technology-could-enable-more-accessible (last visited Apr. 18, 2024).

d. Panther Merger Subsidiary II is performing the activities related to enforcement and holding of intellectual property rights that, but for its existence, SomaLogic would otherwise have to undertake itself.

16. Any attempt by SomaLogic to differentiate itself from Panther Merger Subsidiary II for purposes of this litigation would promote injustice after SomaLogic held itself to be the exclusive licensee of the Asserted Patent, including in direct correspondence with Nautilus. Principles of fairness require that SomaLogic, if asserting patents in the market, face the corresponding declaratory judgment action.

## JURISDICTION AND VENUE

17. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

18. This Court has specific personal jurisdiction over Defendant SomaLogic. The following facts support specific personal jurisdiction over SomaLogic. On information and belief:

a. SomaLogic has purposefully availed itself of the privilege of conducting business within the State of California, including in this District in relation to the Asserted Patent and the subject matter of that patent, including the following activities. SomaLogic conducts related business in its offices in San Diego, California. Further, according to SomaLogic's website (Exhibit 12, https://investors.somalogic.com/news-releases/news-release-details/standard-biotools-and-somalogic-combine-all-stock-merger (last accessed December 12, 2023)), it has recently announced, and completed, a merger with the San Francisco based Standard Biotools to expand its facilities in California relating to the subject matter of that patent. Dkt. No. 25 at 2.

b. SomaLogic advertises on its website (Exhibit 6, https://somalogic.com/partner-with-us/ (last accessed December 12, 2023)) to be "strategic partners" with companies that are located in this District. For example, Agilent Technologies, one of SomaLogic's strategic partners is headquartered in Santa Clara, California, which is within this District. SomaLogic likewise claims to procure licenses from the State of California to conduct testing on specimens from California. *Id.*

c. SomaLogic also maintains a relationship with Stanford University in this District through product collaborations (Exhibit 8, https://investors.somalogic.com/news-releases/news-release-details/somalogic-announces-new-somascanr-11k-platform (last accessed December 13, 2023) and past representation in its Board of Directors of a Stanford professor. Exhibit 9, https://investors.somalogic.com/news-releases/news-release-details/somalogic-leading-ai-data-driven-proteomics-platform-advanced (last accessed December 13, 2023).

d. SomaLogic's assertion of the Asserted Patent is part-and-parcel of its alleged collaboration with Caltech that is centered in California. SomaLogic alleged it was an exclusive licensee of that patent, *see* Exhibits 2, 4, in an agreement that, on

|   |   |
|---|---|
|   | information and belief, was negotiated in California and requires substantial performance in California. |
| e. | SomaLogic has met with Caltech in California as part of its alleged collaboration relating to the Asserted Patent and SomaLogic consulted with Caltech in California in connection with its patent enforcement efforts. |
| f. | Following SomaLogic's acquisition of Palamedrix Inc., it has assumed the patent licenses previously granted by Caltech to Palamedrix in California. *See* Exhibit 10, Excerpt from SomaLogic's Form 10-K filed before the United States Securities and Exchange Commission (SEC) for the annual year 2022. SomaLogic has also assumed the Non-Disclosure Agreement between Nautilus and Palamedrix dated March 2022, that is governed by California law and designates venue of the courts in California for any disputes. |
| g. | SomaLogic has sought to partner with Nautilus, which has its research headquarters in California including in this District, relating to the Asserted Patent. This includes its effort to undertake an arms-length negotiation in anticipation of a long-term continuing business relationship in California. *See* Exhibits 2 and 4. In its correspondence, SomaLogic alleges that its patented inventions have made important contributions "to the development and commercialization of Nautilus's Proteome Analysis Platform," knowing Nautilus' relevant activities have been and are taking place in California. In correspondence directed to California-based Nautilus, SomaLogic has threatened an infringement action and sought partnering. It has done so by seeking a response from Nautilus to its California-based Senior Vice President Ken Kaskoun, who is licensed to practice in California. *See* Exhibit 7, https://apps.calbar.ca.gov/attorney/Licensee/Detail/292554 (last accessed December 13, 2023). It has also done so through its agent Sandra Haberny, Esq. of Quinn Emanuel, who is also based in California. *See* Exhibit 4. |
| h. | Additionally, the Asserted Patent, for which SomaLogic claimed to hold an exclusive license, is based on research reputedly conducted at Caltech in |

California. The Asserted Patent was also prosecuted by patent agents having their office in the State of California. *See* Exhibit 11 (Joseph Baker, Michael Lindsey, Charles Gavrilovich, Travis Dodd and Craig Hodulik from Gavrilovich, Dodd & Linsey LLP, San Diego, California), https://patentcenter.uspto.gov/applications/11452699/attorney?application (last accessed December 13, 2023).

19. All these activities and more establish that SomaLogic's contacts with California that relate to Nautilus's claims in the present action are substantial and constitute more than minimum contacts. SomaLogic should reasonably anticipate being brought to court here and there is personal jurisdiction over it.

20. SomaLogic is also subject to general jurisdiction because its Palamedrix business is based in San Diego, California and is thus at home in California.

21. This Court has specific personal jurisdiction over SomaLogic's alter ego and/or agent, Defendant Panther Merger Subsidiary II. The following facts support specific personal jurisdiction over Panther Merger Subsidiary II. On information and belief:

   a. As documented above, Panther Merger Subsdiary II is the alter ego and/or agent of SomaLogic. *See generally supra* ¶¶ 14-16.

   b. As discussed above, Panther Merger Subsidiary II has no outside facing business and conducts business through its alter ego, SomaLogic. SomaLogic's contacts with California that relate to Nautilus's claims in this action are thus imputed to its alter ego, Panther Merger Subsidiary II.

   c. Panther Merger Subsidiary II, through its alter ego SomaLogic, has collaborated with Caltech in the assertion of the Asserted Patent, the collaboration of which is centered in California, as discussed.

   d. Alternatively, Panther Merger Subsidiary II has purposefully availed itself of the privilege of conducting business within the State of California, including in this District in relation to the Asserted Patent and the subject matter of that patent. Panther Merger Subsidiary II is an exclusive licensee of the Asserted Patent, an

agreement that, on information and belief, was negotiated in California and requires substantial performance in California.

e. Panther Merger Subsidiary II, through its alter ego SomaLogic, has met with Caltech in California in connection with its patent enforcement efforts.

f. Following SomaLogic's acquisition of Palamedrix Inc., Panther Merger Subsidiary II has assumed the patent license previously granted by Caltech to Palamedrix. Dkt. No. 25-3.

g. Panther Merger Subsidiary II, through its alter ego SomaLogic, has sought to partner with Nautilus, which has its research headquarters in California including in this District, relating to the Asserted Patent. This includes its effort to undertake an arms-length negotiation in anticipation of a long-term continuing business relationship in California, as discussed. *See* Exhibits 2, 4.

h. Additionally, Panther Merger Subsidiary II is the assignee of the "patented inventions" that have allegedly made important contributions "to the development and commercialization of Nautilus's Proteome Analysis Platform." Exhibits 4, 15.

i. The Asserted Patent, for which Panther Merger Subsidiary II is the assignee, is based on research reputedly conducted at Caltech in California. The Asserted Patent was also prosecuted by patent agents having their office in the State of California. Exhibit 11 (Joseph Baker, Michael Lindsey, Charles Gavrilovich, Travis Dodd and Craig Hodulik from Gavrilovich, Dodd & Linsey LLP, San Diego, California), https://patentcenter.uspto.gov/applications/11452699/attorney?application (last accessed December 13, 2023).

22. All these activities and more establish that Panther Merger Subsidiary II's contacts with California that relate to Nautilus's claims in the present action are substantial and constitute more than minimum contacts. Panther Merger Subsidiary II should reasonably anticipate being brought to court here and there is personal jurisdiction over it.

23. This Court has general personal jurisdiction over Defendant Caltech because it is a California Corporation and has its principal place of business in California. Its contacts with the State of California are substantial, continuous and systematic as to render it at home.

24. Venue is proper in this District, including without limitation based on 28 U.S.C. § 1391, because a substantial part of the events giving rise to Nautilus's claims occur in this District. For example, this dispute concerns Nautilus's proteomics technology created and developed in San Carlos, California, which is in this District.

**DIVISIONAL ASSIGNMENT**

25. Pursuant to Civil Local Rules 3-5(b) and 3-2(c), because this action is an intellectual property action, it is properly assigned to any of the divisions in this District.

**EXISTENCE OF AN ACTUAL CONTROVERSY**

26. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202. The facts below show that there is a substantial controversy between Plaintiff Nautilus and Defendants SomaLogic, Panther Merger Subsidiary II, and Caltech having adverse interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27. On July 5, 2023, Ruben Gutierrez, Executive Vice President & General Counsel at Defendant SomaLogic and President of Defendant SomaLogic's alter ego, Panther Merger Subsidiary II, sent a letter to Sujal Patel, Chief Executive Officer at Nautilus regarding the Asserted Patent. *See* Exhibits 2, 14. The letter alleged that Caltech has licensed to SomaLogic its "intellectual property protecting DNA Origami technologies" including U.S. Patent No. 7,842,793. SomaLogic's letter further alleged that "the manufacture, importation, offer for sale, sale, and/or use of [Nautilus's] single-molecule protein analysis platform may infringe….U.S. Patent No. 7,842,793."

28. On August 1, 2023, Nautilus sent a responsive letter explaining that that it had no need for a license. *See* Exhibit 3. Nautilus, for instance, explained that "what is very narrowly claimed in the '793 Patent" would not be enabling of Nautilus's proteomics technology platform. Nautilus further clarified that it is not utilizing and did not foresee a need to utilize "any approach

that is relevant to what the '793 Patent purports to claim," either in its "ongoing research and development efforts" or in its "future product platform."

29. On December 8, 2023, SomaLogic sent another letter, this time through patent litigation attorney Sandra L. Haberny of Quinn Emanuel. In that letter, SomaLogic directly alleged that Nautilus "has infringed and continues to infringe" SomaLogic's intellectual property including the Asserted Patent. *See* Exhibit 4. SomaLogic's letter demands "that Nautilus immediately cease and desist all infringing activities related to SomaLogic's intellectual property, including…the production, distribution, and use of the Nautilus Proteome Analysis Platform." The letter further demands that Nautilus provide additional documentation, including (1) confirmation of cessation of the alleged infringing activities, (2) the bases for Nautilus's contentions in its August 1 letter, and (3) technology materials provided to investors and an accounting of profits from Nautilus's accused technology. SomaLogic's letter concludes by threatening to "take this matter seriously and act promptly to rectify the infringement." *Id.*

30. SomaLogic's allegations of infringement by Nautilus's proteomics platform and engagement of patent litigation counsel to demand cessation of Nautilus's activities along with its threats to "take the matter seriously" and "rectify infringement" demonstrate affirmative acts by the Defendants to enforce their rights in the Asserted Patent. [REDACTED]

[REDACTED] Further, as discussed, as pertains to this litigation, Panther Merger Subsidiary II is an alter ego of SomaLogic, or, alternatively, an agent of SomaLogic. In sum, Caltech, SomaLogic, and Panther Merger Subsidiary II have collectively coordinated their efforts, or acted singularly, to allege infringement of the Asserted Patent by Nautilus such that there is now a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

31. Moreover, and in the alternative, even to the extent Panther Merger Subsidiary II were not a party to this action, there would still be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. A "licensee with sufficient proprietary interest in a patent has standing

regardless of whether the licensing agreement so provides." *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1034 (Fed. Cir. 1995). SomaLogic's status as an exclusive licensee of the Asserted Patent and its assertions of infringement in its name only shows that SomaLogic has such a proprietary interest. *See supra* ¶¶ 9--13, 14.g, 29. SomaLogic's assertion of infringement by Nautilus's Proteome Analysis Platform alleges current infringement even beyond meaningful preparation to conduct infringing activity. Accordingly, there is an immediate and existing case or controversy, and declaratory judgment jurisdiction exists over the subject matter set forth in this complaint.

32. Further, in the alternative, and on information and belief, Caltech intended to, or would, ███████████████████████████████████████████ prior to the filing of this action. On this additional basis there is an immediate and existing case or controversy, and declaratory judgment jurisdiction exists over the subject matter set forth in this complaint.

## THE ASSERTED PATENT

33. U.S. Patent No. 7,842,793 is titled "Methods of Making Nucleic Acid Nanostructures." Its named inventor is Paul W. K. Rothemund. On information and belief, Caltech claims to be the current owner by assignment of all right, title, and interest in the Asserted Patent.

## FIRST CLAIM

### Declaratory Judgment of Non-Infringement of the '793 Patent

34. The allegations of paragraphs 1 through 33 and paragraphs 39 to 52 are incorporated herein by reference.

35. The manufacture, use, sale, offer for sale, and/or importation of Nautilus's Proteome Analysis Platform does not infringe, directly or indirectly, any valid claim of the Asserted Patent.

36. For instance, and by way of example only, the claims of the Asserted Patent all require the use of a specific structure wherein there are "parallel helices held together by a periodic pattern of crossovers spaced so that the distance between crossovers formed by two

consecutive oligonucleotide helper/staple strands is an odd number of half turns apart." Nautilus's Proteome Analysis Platform does not infringe the Asserted Patent at least because it does not utilize a structure wherein "the distance between crossovers formed by two consecutive oligonucleotide helper/staple strands is an odd number of half turns apart."

37. Specifically, rather than using a structure where the distance between crossovers is an odd number of half turns resulting in a flat or square lattice structure, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Thus as clear, Nautilus's Proteome Analysis Platform *does not* use a structure wherein there are "parallel helices held together by a periodic pattern of crossovers spaced so that the distance between crossovers formed by two consecutive oligonucleotide helper/staple strands is an odd number of half turns apart."

38. An actual and justiciable controversy exists between Plaintiff Nautilus and Defendants SomaLogic, Panther Merger Subsidiary II, and Caltech as to whether the Asserted Patent is infringed. A judicial declaration is necessary and appropriate so that Nautilus may ascertain its rights regarding the Asserted Patent.

## SECOND CLAIM

**Unfair Competition in Violation of
California's Business & Professions Code § 17200, et seq.**

39. The allegations of paragraphs 1 through 38 and paragraphs 44 through 52 are incorporated herein by reference.

40. Business and Professions Code section 17200 et seq. (the "Unfair Competition Law" or "UCL") prohibits any unlawful, unfair or fraudulent business act or practice.

41. Defendant SomaLogic alleges in this case that "Panther Merger Subsidiary II, LLC, a wholly owned subsidiary of SomaLogic, Inc., is the exclusive licensee, not SomaLogic." Dkt. No. 25 at 1.

42. Yet, an earlier December 8, 2023 letter from Sandra Haberny, SomaLogic's outside attorney at Quinn Emanuel, states that her "firm represents SomaLogic, Inc. ('SomaLogic'), the *exclusive licensee* of utility patents associated with its proprietary 'DNA Origami' technology." Exhibit 4 at 1. The letter goes on to state that "**SomaLogic** has taken extensive steps to protect *its* intellectual property rights. These include, as relevant here, U.S. Patent No. 7,842,793." *Id*.

43. To the extent SomaLogic is correct in its allegation in this case that SomaLogic is "not" the exclusive licensee, then SomaLogic and its alter ego Panther Merger Subsidiary II have violated the UCL by engaging in unlawful, unfair, and fraudulent business acts or practices, including but not limited to: knowingly misrepresenting the actual holder of a patent license in an assertion letter to create needless expense and delay in an attempt to avoid a declaratory judgment action or attempt to extract a license fee or royalty or disrupt and distract Nautilus' development efforts. This conduct warrants relief under the UCL.

## THIRD CLAIM

**Actual Fraud in Violation of California's Civil Code § 1572**

44. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

45. California Civil Code section 1572 defines actual fraud as "any of the following acts, committed by a party to the contract….with intent to deceive another party thereto, or to

induce him to enter into the contract: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; . . . 5. Any other act fitted to deceive."

46. SomaLogic now contends in this case that it is not the exclusive licensee to the Asserted Patent and that the exclusive licensee is, in fact, solely Panther Merger Subsidiary II. Dkt. No. 25 at 1.

47. To the extent SomaLogic is correct in this contention, then it has committed fraud through its counsel, Sandra Haberny at the law firm of Quinn Emanuel.

48. Specifically, in a December 8, 2023 letter from Sandra Haberny, states Quinn Emanuel "represents SomaLogic, Inc. ('SomaLogic'), the ***exclusive licensee*** of utility patents associated with its proprietary 'DNA Origami' technology." Exhibit 4 at 1. The letter goes on to state that "**SomaLogic** has taken extensive steps to protect ***its*** intellectual property rights. These include, as relevant here, U.S. Patent No. 7,842,793." *Id*.

49. To the extent SomaLogic is correct in its current contention that SomaLogic is not an exclusive licensee, Nautilus was unaware of the true facts and believed the representation in SomaLogic's December 8 letter from Sandra Haberny to be true.

50. Further, Nautilus relied on this representations in SomaLogics's December 8 letter and filed a declaratory judgment action, naming SomaLogic as Defendant, to clear Nautilus's Proteome Analysis Platform of SomaLogic's infringement assertion. Nautilus's reliance on this representation was reasonable because SomaLogic stated in its assertion letter that SomaLogic had an "exclusive license" to the Asserted Patent and the license itself is not a public document.

51. If Nautilus had known the true facts, it would have acted differently, in at least as much as naming Panther Merger Subsidiary II as Defendant in its declaratory judgment action.

52. As a direct and proximate result of the fraud engaged in by SomaLogic, Nautilus has been damaged in an amount to be determined at time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Nautilus respectfully requests that judgment be entered in its favor and

prays that the Court grant the following relief:

1. A judgment declaring that Nautilus has not infringed and is not infringing, either directly or indirectly, any claims of the Asserted Patent and declaring that the manufacture, use, sale, offer for sale, and/or importation of Nautilus's Proteome Analysis Platform does not infringe, directly or indirectly, any claims of the Asserted Patent.

2. A judgment that Defendants SomaLogic, Panther Merger Subsidiary II, and Caltech and each of their officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Nautilus or the manufacture, importation, use or sale of the Nautilus's Proteome Analysis Platform infringe the Asserted Patent, or from instituting or initiating any action or proceeding alleging infringement of the Asserted Patent against Nautilus or customers, manufacturers, users, importers, or sellers of Nautilus's Proteome Analysis Platform;

3. A judgment under Business and Professions Code section 17203 and the equitable powers of this Court, that Defendants SomaLogic and Panther Merger Subsidiary II, together with any successors and assigns and all persons who act in concert with them or on their behalf, be permanently enjoined from engaging in any of the unlawful, unfair and fraudulent business acts and practices described in this Complaint, and be required to take such actions and adopt such measures as are necessary to prevent Defendants SomaLogic and Panther Merger Subsidiary II from engaging in any further such acts and practices;

4. A judgment under Civil Code § 1572 that Defendants SomaLogic and Panther Merger Subsidiary II committed actual fraud, causing harm to Nautilus, and awarding to Nautilus all damages available in law and according to proof at trial, as well as punitive and exemplary damages;

5. A judgment declaring that Nautilus is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and awarding Nautilus its reasonable attorneys' fees, expenses, and costs in connection with this case; and

6. A judgment awarding Nautilus such other relief as the Court may deem just and proper.

Dated: April 19, 2024

Respectfully submitted

WEIL, GOTSHAL & MANGES, LLP

  /s/ Derek C. Walter

EDWARD R. REINES (Bar No. 135960)
DEREK C. WALTER (Bar No. 246322)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
edward.reines@weil.com
derek.walter@weil.com

*Attorneys for Plaintiff*
NAUTILUS BIOTECHNOLOGY, INC.