UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAUTILUS BIOTECHNOLOGY, INC., <br> Plaintiff, <br> v. <br> SOMALOGIC, INC., et al., <br> Defendants. | Case No. 23-cv-06440-BLF <br><br> **ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL REGARDING FIRST AMENDED COMPLAINT** <br><br> [Re: ECF No. 32, 33] |

Before the Court are (1) Plaintiff Nautilus Biotechnology, Inc.'s ("Plaintiff") Administrative Motion to File Under Seal Portions of Plaintiff's First Amended Complaint, ECF 32; and (2) Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, ECF 33. Defendants SomaLogic, Inc., and California Institute of Technology (collectively, "Defendants") did not oppose to either motion. Additionally, Defendants filed a declaration in support of Plaintiff's Motion to Consider Whether Another Party's Material Should be Sealed. ECF 36. Having reviewed the Parties' submissions and applicable sealing law, the Court GRANTS Plaintiff's requests to seal.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted).

Compelling reasons justifying the sealing of court records generally exist "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as: "to gratify private spite, promote public scandal, circulate libelous statements," *id.*; to "release trade secrets," *id.*; or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598–99). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted). And although a protective order sealing the documents during discovery may reflect a court's previous determination that good cause—a lower threshold than that required for finding a compelling reason to seal—exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179–80, a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition, the Local Rules of this Court require that all requests to seal be "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a). That is, the sealing motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the

injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *Id.* at 79-5(c)(1).

## II.   DISCUSSION

The material under consideration for sealing concerns information that Plaintiff has deemed confidential, *i.e.*, information related to (1) Plaintiff's technical features, components, and design of its unreleased platform, ECF 32 at 2, and (2) sensitive business and financial terms contained in Defendants' licenses and agreements with a non-party competitor, ECF 36 at 1. With regard to the former, Plaintiff requests the Court seal approximately 7 lines of text and a figure in Plaintiff's First Amended Complaint on the basis that the portion contains "technical details includ[ing] configuration of the key components of [Plaintiff's] unreleased platform." Decl. of Derek C. Walter, ECF 32-1 at ¶ 3. Plaintiff states that the information is "highly confidential" and would cause Plaintiff "competitive harm" if disclosed publicly. *Id.* With regard to the later, in support of Plaintiff's request to seal approximately 25 lines of text in Plaintiff's First Amended Complaint related to Defendants' licensing agreements with the non-party competitor, Defendants state that those information contains confidential business and financial terms and would put Defendants and the non-party competitor in a "disadvantaged" position for future licensing discussions. Decl. of Sandra L. Haberny, ECF 36 at ¶ 4.

The Court finds that Plaintiff has established compelling reasons to seal information that would reveal its unreleased platform information and Defendants' confidential business and financial terms in their licensing agreements. *See, e.g.*, *In re Elec. Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems."); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (citation omitted). The public interest in this information is

limited where the content sought to be sealed is irrelevant to the issues raised in the related MSJ. *See Kamakana*, 447 F.3d at 1179 (finding that the reason for the higher standard for sealing documents related to dispositive motions is because "resolution of a dispute on the merits . . . is at the heart of" the public interest so the public has less of a need to access documents that are "unrelated or only tangentially related" to the merits of the motion). Additionally, the Court finds Plaintiff's sealing requests to be narrowly tailored so that there is no less restrictive alternative to redacting the information at issue.

Accordingly, the Court GRANTS Plaintiff's sealing requests as set forth in the table below:

| Public ECF No./ (Sealed ECF No.) | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 34/(32-3) | Plaintiff's First Amended Complaint (highlighted portions on pg. 14, lines 6-18). | GRANTED | The highlighted portions of the document that Plaintiff seeks to seal reflect specific technical details of Plaintiff's unreleased platform. *See* ECF 32-1 at ¶ 3. |
| 34/(32-3) | Plaintiff's First Amended Complaint (highlighted portions at pg. 2, lines 8-9; pg. 3, lines 9-16, 18-19, 21-26; pg. 6, lines 1-3; pg. 12, lines 17-19; and pg. 13, line 10). | GRANTED | The highlighted portions of the document that Plaintiff seeks to seal contain confidential business information regarding Defendants' license agreements. *See* ECF 36, Haberny Decl., at ¶ 4. |

**IT IS SO ORDERED.**

Dated: November 26, 2024

_____
BETH LABSON FREEMAN
United States District Judge

4